UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                       Case Number 10-20677
                                           Honorable Thomas L. Ludington

v.

MELVIN HOSKINS,

       Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT

On November 10, 2010, Defendant Melvin Hoskins was indicted by a federal grand jury for conspiracy to possess with intent to distribute and to distribute 50 grams or more of crack cocaine for acts that occurred from approximately 1990, the precise time unknown, until on or about April 20, 2009 (Count 1); knowingly distributing crack cocaine from approximately April 14, 2009 to April 20, 2009  (Counts 2-4); and knowingly using and maintaining his residence for the purpose of distributing and using controlled substances including crack cocaine, heroin, and marijuana from a time unknown to on or about April 20, 2009 (Count 5).

Defendant filed a motion to dismiss count one of the indictment [Dkt. #15] on April 1, 2011. Defendant contends that the evidence in the case cannot support a conspiracy allegation and that the allegations in count one are duplicitous. The government filed a response [Dkt. #21] on April 22, 2011, contending that Defendant's motion should be dismissed because the issues presented should be decided by the finder of fact at trial.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(e)(2). For the reasons provided herein, the Court will deny Defendant's motion to dismiss count one of the indictment.

## I

In March 2009, a confidential informant ("CI #2528"), provided information regarding drug trafficking by Defendant. CI #2528 identified Defendant as the source of crack that she had obtained and then resold in 2008 and 2009. CI #2528 made a series of controlled purchases of crack cocaine from Defendant. After a controlled purchase on April 20, 2009, Defendant was arrested. His residence was searched the same day, resulting in approximately one ounce of crack cocaine and other evidence being seized. Counts two through five of the indictment allege offenses that resulted from the controlled purchases and search conducted in April 2009. The conspiracy charged in count one, however, is not limited to the 2009 or 2008-2009 time period but instead alleges a conspiracy from approximately 1990 until about April 20, 2009.

Defendant explains that he expects the government to attempt to offer the following evidence, in addition to evidence regarding events occurring in 2008 and 2009: (1) testimony from CI #2528 alleging that she sold crack cocaine for Defendant from 1990 until 1995; (2) testimony from CI #2528 that she sold crack cocaine for Defendant in 2004; and (3) testimony, and perhaps other evidence, regarding the April 29, 2005 purchase of a quantity of crack cocaine from Defendant by an informant, Defendant's arrest on that date, and the seizure of narcotics and other evidence on that date from his person and/or residence.

-2-

**II**

Defendant contends that the issues presented are appropriate for pretrial determination because the Court has authority "to determine issues of fact in such a manner as the court deems appropriate." Fed. R. Crim. P. 12. Defendant argues that a pretrial determination is appropriate because a trial on the facts surrounding the commission of the alleged offense will be unhelpful in determining this matter. *See United States v. Levin*, 973 F.2d 463, 467 (6th Cir. 1992); *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976). Defendant also believes that the government will be unable to produce evidence from which one could infer that one conspiracy existed from 1990 through 2009. Moreover, Defendant argues that any attempt to use evidence from the earlier drug transactions raises a statute of limitations problem if there is not one continuous conspiracy from 1990 through 2009.

**A**

Conspiracy "is an inchoate offense, the essence of which is an agreement to commit an unlawful act." *Iannelli v. United States*, 420 U.S. 770, 777 (1975). The crime of conspiracy must involve the agreement of two or more persons to commit a criminal act or acts "since the act of agreeing is a group act, unless at least two people commit it, no one does." *United States v. Gore*, 154 F.3d 34, 40 (2d Cir. 1998). However, the existence of a criminal conspiracy need not be proven by direct evidence; a common plan may be inferred from circumstantial evidence. *Direct Sales Co. v. United States*, 319 U.S. 703, 714 (1943); *United States v. Meyers*, 646 F.2d 1142, 1144 (6th Cir. 1981). Although it is often necessary to prove the agreement by inference from acts, "the gist of the offense remains the agreement, and it is therefore essential to determine what kind of agreement or understanding existed as to each defendant." *United States v. Bovelli*, 336 F.2d 378, 384 (2d Cir.

-3-

1964).

Defendant expects the government to offer evidence that he was selling narcotics to CI #2528.  Evidence that merely establishes a buyer-seller relationship is insufficient to establish a conspiracy.  *See United States v. Meyers*, 646 F.2d at 1145.  Indeed, even evidence that the buyer intends to resell the drugs does not necessarily show a conspiracy to distribute the narcotics.  *See United States v. Delgado*, 631 F.3d 685, 695 (5th Cir. 2011); *United States v. Mims*, 92 F.3d 461, 465 (7th Cir. 1996).

Defendant is assuming, for the purposes of this motion, that the government can produce sufficient evidence regarding the relationship and dealings between CI #2528 and Defendant to support a finding that there was a conspiratorial agreement that existed until the informant began cooperating with law enforcement authorities. After cooperation began, the informant was no longer a conspirator. *United States v. Delgado*, 631 F.3d at 698. Defendant is not contesting the government's evidence regarding the controlled purchases nor the informant's testimony regarding purchases from Defendant in 2008 and 2009.  Defendant instead submits that the inferences that may allow one to conclude that a conspiracy existed from 2008 until April 20, 2009 do not, on the other hand, support the conclusion that narcotic activity between 1990 and 1995, and in 2004, were part of the same, continuous conspiracy.

Defendant also contends that an inference cannot be made that the narcotics involvement that led to Defendant's arrest on April 29, 2005 was part of a conspiracy in 2008 and 2009. After Defendant's arrest in 2005, he was convicted and sentenced for delivery of the narcotics and was in custody until his release on parole on August 5, 2008. While a conspiracy does not always terminate with the arrest of a conspirator; it can continue if the goal of the conspiracy has not been

accomplished. *United States v. Testa*, 548 F.2d 847, 852 (9th Cir. 1977). A conspiracy to distribute narcotics may "continue after the arrest of one of the conspirators if the unarrested conspirators continue to conspire to distribute narcotics. *United States v. Felts*, 602 F.2d 146, 149 (7th Cir. 1979). However, the arrest of a conspirator is normally decisive as to him, even if it is not conclusive as to all. *Sandez v. United States*, 239 F.2d 239, 243 (9th Cir. 1956). Some courts have held that there is a "rebuttable presumption" that incarceration constitutes withdrawal by that conspirator. *United States v. Escobar*, 842 F. Supp. 1519, 1528 (E.D. N.Y. 1994). As a result, Defendant asserts that any conspiracy he may have been a part of in 2005 ended with his arrest on April 29, 2005.

The government responds that Defendant is, in essence, seeking dismissal of the conspiracy count in the indictment because the time period covered by the conspiracy is lengthy and is prejudicial because it includes too much of his drug trafficking activities. The government emphasizes that Defendant does not offer any authority indicating that a court may dismiss a conspiracy charge on a pretrial motion because the charge covered an extended time-frame. Defendant thus does not specify a jurisdictional basis for the court to grant the relief he requests as a pretrial determination, rather than submitting the matter to a jury during a trial.

The government contends that whether Defendant's periods of incarceration for state offenses during the times alleged in the conspiracy count were merely interruptions in his ability to engage personally in crack cocaine trafficking must be submitted to a jury for determination. Incarceration is not a substitute for a defendant's affirmative manifestation of intent to withdraw from the conspiracy, as is required to terminate the defendant's responsibility for the conspiracy when it continues without his active participation. *See Hyde & Schneider v. United States*, 225 U.S. 347, 349 (1912). The rigorous test for the affirmative defense of withdrawal includes the

-5-

requirement of affirmative action to "disavow or defeat" the conspiracy. *Id.*; *United States v. Lash*, 937 F.2d 1077, 1083 (6th Cir. 1991); *United States v. Adamo*, 742 F.2d 927, 943 (6th Cir. 1984) (a defendant must perform affirmative act demonstrating withdrawal from the conspiracy; disassociation from co-conspirators is not the equivalent of terminating membership in conspiracy). The government believes that Defendant should instead present any evidence he may have demonstrating his affirmative actions to disavow or defeat the cocaine trafficking conspiracy to a jury to assess the credibility of that evidence. *See* Sixth Circuit Standard Jury Instruction 3.11A.

Furthermore, the assumption that a person's arrest terminates that person's participation in crime is not a presumption that requires rebuttal by the government. The arrest of a member of a conspiracy does not necessarily terminate the existence of the conspiracy nor the arrested person's membership in that conspiracy. *See Pinkerton v. United States*, 328 U.S. 640 (1946) (finding that the defendant's incarceration for other crimes did not prevent him from being convicted of offenses committed by his brother and co-conspirator in furtherance of the conspiracy of which they were both members); *see also United States v. Ramos*, 861 F.2d 461, 465 (6th Cir. 1988) (finding that the defendant's arrest did not terminate the conspiracy nor defendant's culpability for acts of co-conspirators still at-large).

The government also contends that Defendant's incarceration during the operation of the conspiracy did not terminate the conspiracy nor his membership in the conspiracy. Even if Defendant's incarceration gave rise to a rebuttable presumption that his participation in the conspiracy was terminated, such a presumption cannot be converted to a conclusion allowing the Court to dismiss the conspiracy charge against Defendant rather than submitting the matter to the jury.

A conspiracy that contemplates a continuity of purpose and the continued performance of acts in furtherance of that conspiracy is presumed to continue until there is an affirmative showing that the conspiracy had been terminated and the members of the conspiracy have withdrawn. *United States v. Etheridge*, 424 F.2d 951, 964 (6th Cir. 1970). In the present case, Defendant can attempt to make the requisite affirmative showings at trial, while the government should be afforded the opportunity to demonstrate that the conspiracy was a continuing one, despite Defendant's periods of incarceration. The Sixth Circuit standard jury instruction regarding the duration of a conspiracy is helpful in guiding the jury in deciding whether a conspiracy was a continuing one, and if so, whether the requisite affirmative showings regarding the end of the conspiracy or the termination of Defendant's membership had been made. *See* Sixth Circuit Standard Jury Instruction 3.12.

The government also finds Defendant's argument as to the statute of limitations unavailing. Defendant acknowledges that the government's evidence, if believed, would prove that he participated in a crack cocaine conspiracy from 2008 to 2009. [Dkt. #15 ¶ 6]. The indictment in this matter was filed November 10, 2010. The statute of limitations starts to run with the termination of a conspiracy, not the commencement thereof. *See United States v. Tocco*, 200 F.3d 401, 425, n.9 (6th Cir. 2000) (RICO conspiracy limitations starts when the purposes of the conspiracy have been accomplished or abandoned, or the defendant withdraws). Moreover, the existence of multiple conspiracies is a question of fact to be resolved by the jury. *United States v. Rios*, 842 F.2d 868, 872-73 (6th Cir. 1988); *United States v. Hughes*, 895 F.2d 1135, 1140 (6th Cir. 1990). The government submits that Defendant cannot rely on the statute of limitations to support his motion to dismiss the conspiracy charge against him. On the contrary, the statute of limitations is an affirmative defense, *United States v. Titterington*, 374 F.3d 453, 456-58 (6th Cir. 2004), that can be

submitted to the jury in the event there is evidence that would allow the jury to find that the crime was not charged until after the limitations period had expired. As a result, the government contends that Defendant's motion should be denied and the adequacy of the government's evidence or Defendant's affirmative defenses as to count one of the indictment should be decided by a jury.

Defendant is, in effect, asking the Court to step into the shoes of the jury and decide whether the government has sufficient evidence to convict him of count one. The length of Defendant's alleged participation in the conspiracy, whether his incarceration was an effective withdrawal from the conspiracy, and whether the statute of limitations possibly bars conviction on count one is a question for the jury at trial. As a result, Defendant's motion to dismiss count one of the indictment based on sufficiency of the evidence and the applicable statute of limitations will be denied.

**B**

Defendant also contends that count one purports to allege a single conspiracy, but in reality the government is alleging several offenses in one count. Duplicity is the joining in a single count of two or more distinct and separate offenses. *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). A jury may then find a defendant guilty on a count without having reached a unanimous verdict on the commission of a particular offense. *Id.* This may conflict with a defendant's Sixth Amendment rights and may also prejudice a subsequent double jeopardy defense. *Id.* Duplicity may also give rise to problems regarding the admissibility of evidence, including its admissibility against one or more co-defendants. *Id.*; *see United States v. Starks*, 515 F.2d 112, 116-117 (3d Cir. 1975).

Courts do not permit duplicitous charges for a number of reasons. First, courts "condemn duplicitous indictments which fail to give defendants adequate notice of the nature of the charges against which they must prepare a defense." *United States v. Berari*, 675 F.2d 894, 899 (7th Cir.

1982). Second, courts denounce duplicitous counts which threaten to subject defendants to prejudicial evidentiary rulings at trial. *See United States v. Pavloski*, 574 F.2d 933, 936 (7th Cir. 1978); *United States v. Alsobrook*, 620 F.2d 139, 143 (6th Cir. (1980)) *cert. denied*, 449 U.S. 843, 101 S. Ct. 124, 66 L.Ed.2d 51. Third, courts dismiss duplicitous indictments which produce trial records inadequate to allow defendants to plead prior convictions or acquittals as a bar to subsequent prosecution for the same offense. *United States v. Berardi*, 675 F.2d at 899; *United States v. Zeidman*, 540 F.2d 314, 316-17 (7th Cir. 1976). Finally, courts overturn duplicitous indictments which present a risk that the jury may have convicted a defendant by non-unanimous verdict. *See United States v. Bins*, 331 F.2d 390, 393 (5th Cir. 1964) (dismissing a duplicitous indictment because the jury may not have agreed unanimously that defendant committed at least one of the offenses charged in the indictment), *cert. denied*, 379 U.S. 880, 85 S.Ct. 149, 13 L.Ed.2d 87.

Defendant contends that several of the factors are present here, but does not explain which factors he believes apply. Defendant also confusingly contends that because the jury will be required to determine the quantity of drugs involved, an additional concern arises if the matter is allowed to proceed to trial on the present charge. Defendant, however, does not explain how this would create additional "concerns."

The government responds that Defendant's claim that the conspiracy charge is duplicitous is unfounded. The count is instead made in a proper form, *Frohwerk v. United States*, 249 U.S. 204, 209-10 (1919)(a single conspiracy may have a variety of crimes as its objects), giving Defendant adequate notice of the crack cocaine trafficking conspiracy he is charged with joining. The government surmises that Hoskins's real concern is not the conspiracy charge is duplicious but that the jury is to be presented with evidence of his membership in a long-standing crack distribution

-9-

conspiracy. Such a desire does not entitle Defendant to dismissal of the conspiracy count in the indictment prior to trial and the government requests that Defendant's motion to dismiss count one of the indictment be denied.

Count one of the indictment is not charging two or more separate offenses in one count. The government's theory is that Defendant has engaged in an ongoing, single conspiracy with the same purpose. Defendant does not explain how the established "concerns" of duplicitous counts apply in this case, and it is not readily apparent from the indictment or the limited information provided during discovery that has been shared. Moreover, whether the government can prove that Defendant was part of a continuous conspiracy from 1990 through 2009 is a question that the jury will be asked to decide and the indictment does not suggest that Defendant participated in multiple conspiracies. Defendant's motion to dismiss count one of the indictment as duplicitous will be denied.

## III

Accordingly, it is **ORDERED** that Defendant's motion to dismiss count one of the indictment [Dkt. #15] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 4, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 4, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

-10-