UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                               Case Number 10-20677
                                                     Honorable Thomas L. Ludington
v.

MELVIN HOSKINS,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR DETERMINATION OF APPLICABILITY OF THE FAIR SENTENCING ACT OF 2010 AND FINDING THE FSA INAPPLICABLE

On November 10, 2010, Defendant Melvin Hoskins was indicted by a federal grand jury for conspiracy to possess with intent to distribute and to distribute 50 grams or more of crack cocaine for acts that occurred from approximately 1990, the precise time unknown, until on or about April 20, 2009 (Count 1); knowingly distributing crack cocaine from approximately April 14, 2009 to April 20, 2009 (Counts 2-4); and knowingly using and maintaining his residence for the purpose of distributing and using controlled substances including crack cocaine, heroin, and marijuana from a time unknown to on or about April 20, 2009 (Count 5). On April 1, 2011, Defendant filed a motion for determination of applicability of Fair Sentencing Act of 2010. ECF No. 13. The government filed a response on April 15, 2011. ECF No. 18. Defendant subsequently filed a supplemental brief in support of his motion, ECF No. 23, and the government filed a supplemental response brief, ECF No. 24.

The Court has reviewed the parties' submissions and finds that the facts and the law have

been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the Court will **GRANT** Defendant's motion for determination and find the Fair Sentencing Act of 2010 **INAPPLICABLE** to the instant case.

**I**

On August 3, 2010, President Obama signed the Fair Sentencing Act of 2010 (the "FSA" or the "Act") into law. Pub. L. No. 111-220, 124 Stat. 2372 (2010). The statute reduces the disparity between the mandatory prison sentences that apply to offenses involving powder cocaine compared to offenses involving cocaine base or crack cocaine. At the time Defendants were indicted, a conviction for distribution of fifty grams of crack cocaine triggered a mandatory minimum of ten years imprisonment. By contrast, a defendant could distribute up to 5000 grams of powder cocaine before the mandatory minimum of ten years imprisonment was triggered. The 100-to-1 disparity was reduced to approximately 18-to-1 by the statute, which raised the quantity of crack cocaine that triggers the ten-year minimum prison sentence to 280 grams.

Defendant is not entitled to relief because the FSA does not apply retroactively. Rather, the general savings statute, 1 U.S.C. § 109, applies to "bar the application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense." *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 563, 661 (1974). The savings statute provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement

of such penalty, forfeiture, or liability.

1 U.S.C. § 109. Accordingly, the Fair Sentencing Act does not "extinguish any penalty" that was imposed before its enactment, unless the new statute "expressly provides" to the contrary. There is no express provision in the FSA which would indicate that it has any retroactive applicability. Accordingly, it provides no benefit for defendants who were convicted and sentenced before it became law.

Furthermore, the Sixth Circuit has reached the same conclusion concerning the retroactive application of the Fair Sentencing Act. In *United States v. Carradine*, the Sixth Circuit concluded that the general savings statute applies to the Fair Sentencing Act because there is "no express statement that it is retroactive." 621 F.3d 575, 580 (6th Cir. 2010). Neither is there anything in the FSA indicating "by necessary implication" any intent to treat differently defendants who had committed offenses but had not yet been sentenced prior to August 3, 2010. *See United States v. Young*, No. 10-20148, 2011 WL 1042264, at *7 (E.D. Mich. March 18, 2011). *Contra United States v. Douglas*, 746 F.Supp.2d 220 (D. Me. 2010) (finding such "necessary implication" in section 8 of the FSA and explaining that Congress's direction to the Sentencing Commission to make "conforming" and "consisten[t]" Guidelines could not be realized until statute of limitations ran if the old mandatory minima were to be applied). Defendant correctly asserts that the factual position of the defendant in *Carradine* is distinguishable because he sought retroactive application of the FSA and not a pretrial determination of the Act's application. However, the Sixth Circuit was clear regarding the Act's applicability when it stated that a court in this circuit "must apply the penalty provision in place at the time [a defendant] committed the crime in question." *Id.* As a result, even though Defendant has presented a good faith argument that the FSA should apply because he has

not yet been convicted or sentenced, the Court is bound by Sixth Circuit precedent requiring application of the guidelines in place at the time the offenses occurred.

## II

Accordingly, it is **ORDERED** that Defendant's motion for determination of applicability of the Fair Sentencing Act of 2010 (ECF No. 13) is **GRANTED.**

It is further **ORDERED** that the Fair Sentencing Act is **INAPPLICABLE** and the applicable guidelines in this matter are those in place at the time the offenses occurred.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: September 13, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 13, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---