UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              Case Number 10-20677

v.                                              Honorable David M. Lawson

MELVIN HOSKINS,

       Defendant.
_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE

This matter is before the Court on defendant Melvin Hoskins's *pro se* motion for a reduced sentence under 28 U.S.C. 3582(c)(2). After pleading guilty to possessing 28 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), the Court sentenced Hoskins to 120 months in prison on July 12, 2012. That sentence matched the statutory mandatory minimum prison specified for that offense, which had been increased from five years to 10 years because the defendant had a prior felony drug conviction. *See* 21 U.S.C. § 851. Hoskins now argues that he is entitled to a sentence reduction under the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Because the First Step Act does not impact Hoskins's sentencing range — which still carries a mandatory minimum sentence of 120 months imprisonment — the Court will deny the defendant's motion.

Hoskins terse motion asks for relief under sections 401, 402, 403, and 404 of the First Step Act. The First Step Act amends several sections of the U.S. Code "to promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, No. 05-00227, --- F. Supp. 3d ---, 2019 WL 4942051, at *1 (S.D. Iowa Oct. 8, 2019).

"Although a district court generally 'may not modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c), a court may do so under certain limited circumstances,

including 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *United States v. Hall*, 661 F.3d 320, 322 (6th Cir. 2011) (quoting 18 U.S.C. § 3582(c)(1)(B)). In section 404 of the First Step Act, Congress made retroactive the Fair Sentencing Act's statutory changes for crack cocaine offense penalties so that they apply to defendants who were sentenced before August 3, 2010. The First Step Act, therefore, grants district courts the authority to resentence those offenders who otherwise would not have been able to obtain relief under the Fair Sentencing Act of 2010. First Step Act § 404(b) Pub. L. 115-391, 132 Stat. 5194 (Dec. 21, 2018) ("A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Pub. L. 111-220, 124 Stat. 2372) were in effect at the time the covered offense was committed."). However, Hoskins's sentence already reflected the modifications to the penalties prescribed by the Fair Sentencing Act, so the section 404 of the First Step Act can provide him no further relief.

Nor do sections 401, 402, and 403 afford Hoskins any relief. One reason is that those sections do not apply retroactively. Pub. L. 111-220, 124 Stat. 2372, §§ 401(c), 402(b), 403(b). They only apply to sentences imposed after December 21, 2018. Because Hoskins was sentenced in 2012, he may not seek relief under those provisions. Moreover, those sections would have no impact on the sentence Hoskins received in any event. Section 401 changes only the definition of a "felony drug offense," which does not apply here. *Id.* § 401(a)-(b). Section 402 changes the safety valve criteria, which also does not apply. *Id.* § 402(a). And section 403 amends the provisions allowing stacking of convictions imposed under 18 U.S.C. § 924(c). *Id.* § 403(a). Hoskins was not convicted under of an offense under section 924(c), so he would also be ineligible from seeking relief under section 403.

None of the provisions of the First Step Act afford any relief to Hoskins.

Accordingly, it is **ORDERED** that the defendant's motion for a reduced sentence (ECF No. 94) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: April 2, 2020

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on April 2, 2020.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI